# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2012

No. 11-60223
Summary Calendar

Lyle W. Cayce
Clerk

RANDY POTTER,

Petitioner-Appellant

v.

BRUCE PEARSON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-290

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Randy Potter, federal prisoner # 49029-004, requests leave to proceed in forma pauperis (IFP) in his appeal from the district court's dismissal of his 28 U.S.C. § 2241 petition and the denial of his motion for relief of judgment pursuant to Federal Rule of Civil Procedure 60(b).  Potter's notice of appeal was timely only with respect to the denial of his Rule 60(b) motion, *see* FED. R. APP. P. 4(a)(1)(B), and we thus lack jurisdiction to review the underlying dismissal of his § 2241 petition.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).  The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court determined that Potter had not established any basis for relief under Rule 60(b), and it denied him leave to proceed IFP on appeal, finding that he had not shown the presence of a nonfrivolous appellate issue.

To proceed IFP, a litigant must be economically eligible, and his appeal must not be frivolous. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Potter's IFP motion addresses only the claims he raised in his § 2241 petition and does not address the district court's determination that he had not shown he was entitled to relief under Rule 60(b) or that there existed no nonfrivolous appellate issue.

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Potter has not shown that he will raise a nonfrivolous issue on appeal. Thus, his IFP motion is DENIED. *See Carson*, 689 F.2d at 586. Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.